FIRESTONE TIRE & RUBBER COMPANY *v.* INTERSTATE CONSTRUCTION COMPANY.

4-4669

Opinion delivered May 24, 1937.

*M. A. Hathcoat,* for appellant.

*Cotton & Murray,* for appellee.

McHANEY, J.   Appellant brought this action against Dan Crane and appellee, Interstate Construction Company.   It alleged that the defendant, Dan Crane, was indebted to it in the sum of $491.22 for various items of merchandise sold and delivered by it to him between the 7th day of June, 1933, and May 15, 1934, as shown by the itemized statement of the account thereto attached. It further alleged that on or about the 18th day of March, 1936, the appellee, Interstate Construction Company was incorporated under the laws of Arkansas with a capital stock of 400 shares of $100 each, 398 of which shares are owned by the defendant Dan Crane; that when Crane contracted the debt to it, he owned valuable personal property, consisting of machinery and equipment used and useful in heavy construction work, the nature of which was not known to it; that on or about March 18, 1936, at a time when Crane was indebted to it, he organized the Interstate Construction Company of which he was subscriber of practically all of the shares of stock, and transferred all of his property to said corporation which left him insolvent with deliberate intent to defraud it and other creditors of Crane, and that said corporation participated in said fraud and is liable with defendant Dan Crane to it for said sum of money. Prayer was that said sale be declared fraudulent or the plaintiff have judgment against both Dan Crane and Interstate Construction Company for the amount of this debt and costs.   To this complaint a demurrer was interposed and sustained, and upon appellant's declining to plead further, its complaint was dismissed for want of equity.

We think the court erred in sustaining the demurrer to the complaint.   To all intents and purposes the cor-

poration is Dan Crane and he might as well have called it "Dan Crane Incorporated." The complaint alleges that he owns all of the capital stock except two shares, having no doubt given away two shares or one share each to two other persons in order to be able to incorporate. The complaint alleges that he transferred all of his property to this corporation with the deliberate intent to defraud the plaintiff and other creditors, and that the corporation participated in the fraud. The record reflects that no service was had upon Dan Crane, but, under the allegations of the complaint, we think the corporation is liable because, in effect, it stands in the shoes of Dan Crane, having received all of his property for the purpose of defrauding his creditors. In 14 C. J. 307, it is said: "The corporation will also be liable, at least to the extent of the assets received by it, if the transfer to it was in fraud of the creditors of the partnership or other association." A number of cases are cited in the footnote to sustain that statement of the law. While the text refers to a transfer of a partnership or other association, we see no valid reason why the same rule would not apply to an individual, as a partnership is nothing more than an association of individuals.

The judgment of the chancery court will be reversed, and the cause remanded with directions to overrule the demurrer, and for further proceedings according to law, the principles of equity and not inconsistent with this opinion.